United States District Court
Southern District of Texas

**ENTERED**

April 09, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ARILSON P. C., | § | |
|     "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00084 |
| WARDEN, PORT ISABEL SERVICE | § | |
| PROCESSISNG CENTER, *et al.*, | § | |
|     "Respondents." | § | |

**<u>ORDER</u>**

Before the Court are Petitioner's "Amended Petition for Writ of Habeas Corpus" (Dkt. No. 7) ("Petition"), Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss" (Dkt. No. 6) ("MTD"), Petitioner's "Motion for Temporary Restraining Order" (Dkt. No. 8) ("MTRO"), Petitioner's "Motion to Expedite Petition for Writ of Habeas Corpus" (Dkt. No. 9) ("Motion to Expedite"), the Magistrate Judge's "Report and Recommendation to Dismiss Petitioner's Habeas Petition" (Dkt. No. 10) ("R&R"), "Petitioner's Objections to the Magistrate Judge's Report and Recommendation" (Dkt. No. 11) ("Objections"), Respondents' "Response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation" (Dkt. No. 12), and Petitioner's "Emergency Motion to Maintain Jurisdiction, for Return of Petitioner to this District, or in the alternative, for Immediate Release" (Dkt. No. 13) ("Emergency Motion").

The Magistrate Judge recommended this Court (1) deny the Petition (Dkt. No. 7), (2) grant the MTD (Dkt. No. 6), (3) deny the MTRO (Dkt. No. 8) and Motion to Expedite (Dkt. No. 9) as moot, and (4) direct the Clerk of Court to close the case. Petitioner filed his objections on March 18, 2026, s*ee* Dkt. No. 11, and Respondents responded to the Objections on March 25, 2026. *See* Dkt. No. 12. On March 30, 2026, Petitioner filed his Emergency Motion informing the Court that he had been transferred from this district to a detention facility in Louisiana. Dkt. No. 13 at 1-2.

Despite Petitioner's transfer to a different facility, the Court finds it maintains jurisdiction over the Petition. 8 U.S.C. § 2241 grants district courts "the authority to grant writs of habeas corpus 'within their respective jurisdictions." *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (citing 28 U.S.C. § 2241). Thus, a district court has jurisdiction to entertain an alien's habeas petition under § 2241 if that

1 / 2

alien is detained within that court's district or otherwise filed his habeas petition while detained within the court's district. *Id.* at 374-375; *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Here, the Petition was filed while Petitioner was detained at a facility within this district and named as respondent the warden of that institution. *See* Dkt. No. 7. Because these steps properly complied with habeas procedure, the Court maintains jurisdiction.

Accordingly, as to Petitioner's request that this Court declare its jurisdiction over the Petition, the Emergency Motion (Dkt. No. 13) is **GRANTED in part**. The Emergency Motion (Dkt. No. 13) is **DENIED in part** with respect to Petitioner's other requested relief.

Because it maintains jurisdiction to do so, the Court has reviewed the matter de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("a district court must engage in de novo review where a party has objected to a magistrate's decision). After such review, the Court finds Petitioner's objections should be and hereby are **OVERRULED**. The Court **ADOPTS** the R&R (Dkt. No. 10).

The Petition (Dkt. No. 7) is **DENIED without prejudice** and the MTD (Dkt. No. 6) is **GRANTED**. Petitioner's MTRO (Dkt. No. 8) and Motion to Expedite (Dkt. No. 9) are **DENIED** as moot. The Clerk of Court is **INSTRUCTED** to close this case.

SIGNED this April 9, 2026

_____
Rolando Olvera
United States District Judge